UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

AMEDISYS WESTERN, L.L.C.          CIVIL ACTION

VERSUS                             NUMBER 14-658-SDD-SCR

CHRISTINE BARTEL

**<u>NOTICE</u>**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, March 14, 2015.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

AMEDISYS WESTERN, L.L.C.          CIVIL ACTION

VERSUS                              NUMBER 14-658-SDD-SCR

CHRISTINE BARTEL

**<u>MAGISTRATE JUDGE'S REPORT</u>**

Before the court is a Motion to Dismiss or Motion Transfer Venue filed by defendant Christine Bartel. Record document 4. The motion is opposed.[1]

For the reasons which follow, the motion should be denied.

**I. Background**

Plaintiff Amedysis Western, L.L.C. filed a Petition in state court against defendant Christine Bartel seeking damages resulting from the defendant's alleged default on a Promissory Note executed on February 19, 2013.[2] Plaintiff alleged that at the time the Petition was filed the defendant owed the principal balance of $360,000.00 and unpaid interest of $24,352.88, plus continually accruing interest.

Defendant removed the action based on diversity jurisdiction under 28 U.S.C. § 1332. Defendant filed this motion seeking dismissal for lack of personal jurisdiction, or transfer of the

---

[1] Record document number 8.

[2] Record document number 8-1, p. 59, Exhibit A-2.

case to the United States District Court for the District of Colorado pursuant to 28 U.S.C. § 1404(a). Defendant argued that she did not have the minimum contacts with Louisiana required for the court to have personal jurisdiction over her. Defendant asserted that her only contact with Louisiana consisted of a two hour meeting in June of 2013, which did not involve the loan at issue in this suit. Defendant argued that exercising jurisdiction over her would offend traditional notions of fair play and substantial justice because she resides in Colorado and, as a single mother of three children, she would suffer great expense and inconvenience if the case remained in a Louisiana court. Defendant also asserted that Louisiana has no significant interest in this litigation because the Loan Agreement[3] (1) was executed in Colorado, (2) related to work that to be performed in Colorado, (3) involved Amedisys' assets located in Colorado, (4) involved home healthcare services for other residents of Colorado, and (5) granted loan forgiveness for in-kind services performed in Colorado.

Defendant argued that although the Loan Agreement contained a forum selection clause requiring related lawsuits to be brought in a court of East Baton Rouge Parish, Louisiana, the clause should not be enforced because she was fraudulently induced into executing the Loan Agreement. Defendant also argued that the plaintiff

---

[3] Record document number 8-1, p. 4, Exhibit A-1.

breached its contract, thereby negating her performance due under the contract.

In the alternative, the defendant requested that the case be transferred to Colorado. Defendant asserted that the parties contracted in Colorado and the significant activities occurred in Colorado. Defendant asserted that she performed most of her services for Amedisys in Colorado and the witnesses to the dispute are located in Colorado. Defendant argued that the interest of justice favor transfer to Colorado because Colorado is a more appropriate forum for a case involving an agreement executed in Colorado, that centers on activities that took place in Colorado, and is between a resident of Colorado and a corporation with a significant presence and operations in Colorado.

Plaintiff opposed the motion, primarily relying on the forum selection clause in the Loan Agreement.

## II. Applicable Law

**Personal Jurisdiction**

Personal jurisdiction over a nonresident defendant may be asserted if: (1) the law of the forum state provides for the assertion of such jurisdiction; and (2) the exercise of jurisdiction under state law satisfies the Due Process Clause of the Fourteenth Amendment. *Dickson Marine, Inc. v. Panalpina, Inc.*, 179 F.3d 331, 336 (5th Cir. 1999). Under Louisiana's long arm statute, "a court of this state may exercise personal jurisdiction

over a nonresident on any basis consistent with the constitution of this state and the Constitution of the United States." LSA-R.S. 13:3201.B. Thus, the Louisiana long arm statute, in effect, merges the two part requirement for federal personal jurisdiction over a nonresident defendant and permits the exercise of that jurisdiction to the full extent allowed under the Constitution and the Due Process Clause of the Fourteenth Amendment. *Luv N'care, Ltd. v. Inst-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006).

The Due Process Clause "gives a degree of predictability to the legal system that allows potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474, 105 S.Ct. 2174, 2183 (1985), *citing, World-wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 567 (1980). The due process inquiry has two parts. First, for personal jurisdiction to exist, the nonresident defendant purposefully must have established "minimum contacts" with the forum state such that the defendant invoked the benefits and protections of the forum's law and thus reasonably could anticipate being haled into court there. *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158 (1945). Second, under the circumstances the exercise of personal jurisdiction must not offend "traditional notions of fair play and substantial justice." *Burger King*, 471 U.S. at 464, 105 S.Ct. at 2177.

A party may waive its right to assert a lack of personal jurisdiction by consenting to an enforceable forum selection clause. *New South Equipment Mats, LLC v. Keener,* 989 F.Supp.2d 522, 526 (S.D. Miss Nov. 5, 2013*), citing, Burger King*, 471 U.S. at 473, n. 14. Federal law determines the enforceability of a forum selection clause and presumes it is valid. *Haynesworth v. The Corporation*, 121 F.3d 956, 962 (5th Cir. 1997); *Afram Carriers, Inc. v. Moeykens*, 145 F.3d 298, 301 (5th Cir. 1998); *Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10-15, 92 S.Ct. 1907, 1913-16 (1972).

A party seeking to overcome a forum selection clauses bears a heavy burden of demonstrating that the clause is unreasonable under the circumstances. *Ginter ex rel. Ballard v. Belcher, Prendergast & Laporte,* 536 F.3d 439, 441 (5th Cir. 2008), citing, *Haynsworth*, 121 F.3d at 963. A forum-selection clause may be deemed unreasonable where the party challenging application of the clause makes a "clear showing" that:

> (1) the incorporation of the forum selection clause into the agreement was the product of fraud or overreaching; (2) the party seeking to escape enforcement "will for all practical purposes be deprived of his day in court" because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law will deprive the plaintiff of a remedy; or (4) enforcement of the forum selection clause would contravene a strong public policy of the forum state.

*Haynsworth*, 121 F.3d at 963.

**Transfer of Venue**

A district court may transfer a civil action to any other district or division where it may have been originally brought if warranted "[f]or the convenience of the parties and the witnesses, in the interest of justice." 28 U.S.C. § 1404(a). A party seeking a transfer pursuant to § 1404(a) must show "good cause by satisfying the statutory requirements and clearly demonstrating that the transfer is both for the convenience of the parties and in the interest of justice. " *In re Volkswagen*, 545 F.3d 304, 315 (5th Cir. 2008), *citing*, *Humble Oil & Refining Company v. Bell Marine Service*, 321 F.2d 53, 56 (5th Cir.1963). When viewed in the context of § 1404(a). When weighing the plaintiff's choice of venue, the Fifth Circuit has stated:

> [W]hen the transferee venue is not clearly more convenient than the chosen venue, the plaintiff's choice of venue should be respected. Id. When the movant demonstrates that the transferee venue is clearly more convenient, however, it has shown good cause and the district court should therefore grant the transfer.

*In re Volkswagen*, 545 F.3d at 315.

The Fifth Circuit has also adopted the public and private interest factors set forth in *Gulf Oil Corp. v. Gilbert*. *In re Volkswagen*, 321 F.2d at 315, *citing*, *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839 (1947). The private interest factors include: "(1) relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and

(4) all other practical problems that make trial of a case easy, expeditious and inexpensive. *Id.* The public interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id*. These factors are neither exhaustive nor dispositve. *Id*.

In this case the plaintiff asserted that a forum selection clause should dictate venue. The Supreme Court has held that in a § 1404(a) analysis "'a valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases.'" *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for Western Dist. of Texas*, --U.S.--, 134 S.Ct. 568 (2013). The Fifth Circuit has recently summarized the *Atlantic Marine* analysis for determining whether to enforce a forum selection clause when faced with a request to transfer venue, as follows:

> Instead of independently weighing the private interests of the parties, the court should "deem the private-interest factors to weigh entirely in favor of the preselected forum." *Atl. Marine*, 134 S.Ct. at 582. The court must then weigh the public-interest factors, which include "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law." *Id.* at 581 n. 6 (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n. 6, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981)). The plaintiff's choice of forum will not be given any weight, unlike in the ordinary FNC [forum non conveniens]

7

> context. *Id.* at 581. The Supreme Court allows for the possibility that a court may properly refuse to grant the motion despite a valid forum-selection clause, but the forum-selection clause will prevail except in "unusual cases." *Id.* a 582.

*In re Lloyd's Register North America, Inc.*, 2015 WL 791405, * 7, -- F.3d-- (5th Cir. 2015).

### III. Analysis

A review of the record in light of the applicable law establish that the forum selection clause in the Loan Agreement is enforceable. To defeat the forum selection clause, the defendant relied on two arguments based upon the validity of the contract as whole: (1) that she was fraudulently induced to enter into the Loan Agreement, and (2) the plaintiff's breach negates her obligations owed under the contract. However, the defendant failed to show that controlling law recognizes an invalid or breached contract as a circumstance that would deem a forum selection clause unenforceable.

Defendant did not argued that she did not knowingly and willingly waive her right to the specified venue, i.e. "the incorporation of the forum selection clause into the agreement was the product of fraud or overreaching." Defendant's assertions that the she had unequal bargaining power and that she was deprived of adequate time to obtain competent legal advice are self-serving, unsupported, and do not specifically address her consent to the forum selection clause. The forum selection clause is boldly

presented in the Loan Agreement and plainly states that the borrower submits to jurisdiction of the courts of East Baton Rouge Parish, Louisiana.[4]

Defendant did not argue that any other *Haynesworth* factor overcomes the presumption of validity of the forum selection clause.

Taking the forum selection clause into account, the defendant also failed to establish good cause to transfer venue pursuant § 1404(a).[5] Because the forum selection clause is enforceable, the private interest factors are deemed to weigh in favor of the preselected forum.[6] With respect to the public interest factors, the defendant only asserted that Colorado has a local interest because the activities took place in Colorado, and the Loan Agreement is between a resident of Colorado and a corporation with a significant presence and operations in Colorado. However, Louisiana has at least an equal interest in protecting the enforcement of contractual obligations owed to Louisiana corporations. Defendant did not argue that any other any public interest factor outweighs the presumed convenience of the preselected venue.

---

[4] Record document number 8-1, p. 4, Exhibit A-1, Loan Agreement, p. 14.

[5] Defendant did not dispute that venue is proper in Louisiana.

[6] *In re Rolls Royce Corp.*, 775 F.3d 671, 678 (5th Cir. 2014).

9

Defendant failed to satisfy her heavy burden to demonstrate the existence of an extraordinary or unusual situation that bars enforcement of the forum selection clause.

**RECOMMENDATION**

It is the recommendation of the magistrate judge that the Motion to Dismiss or Motion Transfer Venue filed by defendant Christine Bartel be denied.

Baton Rouge, Louisiana, March 14, 2015.

*(signature)*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE