UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

AMEDISYS WESTERN, L.L.C.                               CIVIL ACTION NO.

VERSUS                                                 14-658-SDD-SCR

CHRISTINE BARTEL

## RULING

This matter is before the Court on the *Motion to Review Order Denying Motion to Withdraw as Counsel*[1] filed by Gold, Weems, Brusers, Sues, & Rundell, APLC ("Gold Weems"), local counsel for Defendant Christine Bartel. Gold Weems moved to withdraw as local counsel on September 9, 2015, assuring that it had complied with all federal and local requirements for such a withdrawal. On September 11, 2015, the Magistrate Judge denied, without prejudice, Gold Weems' motion to withdraw, finding that: "Granting the motion will leave the defendant with no local counsel, as required by Local Rule 83(b)(7). … The motion is denied because no local counsel will be substituted and the defendant has not made a showing of hardship."[2]

Gold Weems now seeks review of this *Order*, arguing that the Magistrate Judge has added to the requirements of Rule 74(a) of the Federal Rules of Civil Procedure and Local Civil Rule 83(b)(13). "When reviewing a magistrate judge's ruling on nondispositive matters, a district court may 'modify or set aside any part of the order

---

[1] Rec. Doc. No. 37.
[2] Rec. Doc. No. 36.
28860

that is clearly erroneous or is contrary to law.'"[3]

Local Rule 83(b)(13) provides as follows:

**Continuing Representation, Withdrawals, Substitution of Counsel.** The original counsel of record shall be held to represent the party for whom counsel appears unless the Court permits said counsel to withdraw from the case. Counsel may obtain permission only upon joint motion to substitute counsel **or** upon a written motion served on opposing counsel and the client before the Court acts. **If other counsel is not thereby substituted**, the motion to withdraw shall contain the present address of the client and the client's telephone number if the client can be reached by telephone. The motion shall contain a certification by counsel that the client has been notified of all deadlines and pending court appearances. The certificate of service accompanying the motion shall indicate that it was served on the client by certified mail or an affidavit shall be included stating why such service has not been made.[4]

Local Rule 83(b)(7) provides that, "[i]n all cases before this Court, any party who does not appear in proper person must be represented by a member of the bar of this Court, except as set forth below."

The Ruling of the Magistrate Judge appears to place the burden on Gold Weems, rather than the Defendant, to obtain new local counsel if current counsel withdraws. Rule 83(b)(13), as emphasized above, clearly states that counsel seeking to withdraw have two options for this endeavor: "upon joint motion to substitute counsel **or** upon a written motion served on opposing counsel and the client before the Court acts." It is not required that new counsel be simultaneously substituted for counsel to withdraw.

---

[3] *Shah v. Jefferson Parish School Bd.*, No. 11-2517, 2013 WL 6335874 (E.D. La. Dec. 5, 2013)(quoting Fed.R.Civ.P. 72; *Ferrington v. McMoRan Exploration Co.*, No. 12–588, 2013 WL 5353310, *1 (E.D.La., September 24, 2013) (Zainey, J.) (applying "clearly erroneous" standard when reviewing magistrate judge's denial of motion to compel)).
[4] Emphasis added.
28860

Further, under Local Rule 83(b)(7), the Defendant is not required to obtain local counsel; rather, she also has the option of appearing in proper person, unless she can satisfy the requirements of Local Rule 83(b)(9) to proceed with non-local counsel. The Court agrees with Gold Weems that the applicable rules do not require that substitute counsel already be appointed for current counsel to withdraw. As such, the Court finds that the Magistrate Judge's *Order* is contrary to the law.

Trial in this matter is set for October 3, 2016, and the next pending deadline appears to be November 24, 2015. The Court finds that Gold Weems has complied with the requirements of the Local Rules for withdrawing as counsel. The Court also finds that the burden to proceed *pro se* or to obtain new local counsel is on the Defendant, not Gold Weems. The Defendant shall have until November 1, 2015 to advise the Court that she is proceeding in proper person or that she has obtained new local counsel.

Accordingly, the *Motion to Review Order Denying Motion to Withdraw as Counsel*[5] is GRANTED, and Gold Weems' *Motion to Withdraw*[6] is GRANTED.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on <u>October 2, 2015.</u>

*Shelly D. Dick*
**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[5] Rec. Doc. No. 37.
[6] Rec. Doc. No. 35.
28860